1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                    * * *

9    IRIS CONTRERAS, et al.,              Case No. 2:12-cv-00249-MMD-VCF

10                        Plaintiffs,
                                                        ORDER
11        v.
                                          (Def.'s Motion to Dismiss – dkt. no. 11;
12   AMERICAN FAMILY MUTUAL                   Third Party Def.'s Motion to Dismiss
     INSURANCE COMPANY and EFI                         – dkt. no. 21)
13   GLOBAL,

14                        Defendants.

15

16   I.    SUMMARY

17        Before the Court are Defendant American Family Mutual Insurance Company's

18   ("American Family") Motion to Dismiss (dkt. no. 11), as well as Third Party Defendant

19   Copart, Inc.'s Motion to Dismiss (dkt. no. 21).  After considering the briefings on both

20   motions, the Court issues this order consistent with the reasoning set forth below.

21   II.   BACKGROUND

22        Plaintiffs Iris Contreras, Walter Moises Deleon, and Walter Orlando Deleon

23   commenced this action in the Eighth Judicial District Court in Clark County, Nevada, on

24   December 30, 2011, against American Family and EGI Global ("EFI") arising out of a

25   November 4, 2006, automobile accident.  Plaintiffs were passengers when they

26   sustained injuries due to an alleged tire failure that caused the vehicle to swerve across

27   a street and roll over several times.  Plaintiffs appear to allege that American Family

28   insured them during the relevant time period.  Thereafter, Plaintiffs allege that American

1    Family took possession of the vehicle and sent the offending right rear tire to EFI for a

2    tire failure analysis.

3        Based on the results of the analysis, Plaintiffs filed various product liability

4    complaints against the car manufacturer, tire manufacturer, and car distributor.    In

5    addition, American Family filed its own complaint against the car and tire manufacturer.

6    These suits were later consolidated.    Plaintiffs allege that during discovery American

7    Family revealed that it misplaced and could not locate the tire from its storage facility.

8    Plaintiffs allege that as a result of Defendants' failure to preserve evidence, their lawsuits

9    were dismissed, and they were unable to recover for their injuries.    Plaintiffs brought this

10   suit alleging negligence, breach of contract, breach of implied covenant of good faith and

11   fair dealing, and violations of various Nevada statutes governing unfair claims settlement

12   and practices.    On February 16, 2012, American Family removed the suit to this Court.

13   (Dkt. no. 1.)

14       Plaintiffs filed their First Amended Complaint ("FAC") on February 24, 2012.    (Dkt.

15   no. 6.)    American Family filed a Motion to Dismiss Plaintiffs' Complaint or in the

16   Alternative Motion for Summary Judgment (dkt. no. 11) on March 16, 2012.    EFI joined

17   the Motion.    (Dkt. no. 12.)

18       In addition, EFI answered Plaintiffs' FAC and asserted a third party complaint

19   against Copart, Inc.    (Dkt. no. 7.)    Thereafter, Copart filed its own Motion to Dismiss

20   seeking dismissal of the third party complaint.    (Dkt. no. 21.)

21   **III.    STANDARD OF REVIEW**

22       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

23   relief can be granted." Fed. R. Civ. P. 12(b)(6).    A properly pled complaint must provide

24   "a short and plain statement of the claim showing that the pleader is entitled to relief."

25   Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).    While

26   Rule 8 does not require detailed factual allegations, it demands more than "labels and

27   conclusions" or a "formulaic recitation of the elements of a cause of action."    *Ashcroft v.*

28   *Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

1   "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

2   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient

3   factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at

4   678 (internal citation omitted).

5        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

6   apply when considering motions to dismiss.  First, a district court must accept as true all

7   well-pled factual allegations in the complaint; however, legal conclusions are not entitled

8   to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action,

9   supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district

10  court must consider whether the factual allegations in the complaint allege a plausible

11  claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

12  alleges facts that allow a court to draw a reasonable inference that the defendant is

13  liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the

14  court to infer more than the mere possibility of misconduct, the complaint has "alleged –

15  but not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks

16  omitted).  When the claims in a complaint have not crossed the line from conceivable to

17  plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

18       A complaint must contain either direct or inferential allegations concerning "all the

19  material elements necessary to sustain recovery under *some* viable legal theory."

20  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

21  1106 (7th Cir. 1989) (emphasis in original)).

22  **IV.   DISCUSSION**

23       **A.   American Family's Motion to Dismiss (dkt. no. 11)**

24            **1.   Request for Summary Judgment**

25       American Family brings this Motion seeking dismissal or, in the alternative,

26  summary judgment.  As Plaintiffs' have not been afforded the opportunity to complete

27  discovery, and as the litigation is in its early stages, the Court declines American

28  Family's request to enter summary judgment on its behalf.

3

1

2

**2.     Causes of Action**

**a.     Negligence**

American Family's principal argument in favor of dismissal is that Plaintiffs inappropriately allege a spoliation of evidence claim under the guise of negligence and contractual breaches.  The Court disagrees.

Nevada does not recognize an independent cause of action for spoliation of evidence.  *Timber Tech Engineered Blds. Prods. v. The Home Ins. Co.*, 55 P.3d 952, 954 (Nev. 2002) (relying on California law).  However, the *Timber Tech* decision left open the possibility to pursue a negligence claim based on spoliation.  *Id.* at 954-955 (dismissing negligence cause of action due to failure to allege the existence of a duty because the existing preservation of evidence agreement was not entered into between defendants and plaintiff).  Some California courts refuse to consider a negligent spoliation of evidence cause of action, deeming it to be an end-run around settled California law prohibiting spoliation causes of action. *See Farmers Ins. Exch. v. Superior Court*, 79 Cal. App. 4th 1400, 1404-07 (Cal. Ct. App. 2000).  Notwithstanding contrary California law, the implicit acknowledgment of a negligence-based duty to preserve evidence in *Timber Tech* controls the Court's analysis here.  *Timber Tech* appears to recognize a spoliation cause of action where the alleged tortfeasor expressly promised to preserve evidence, a theory approved of by at least one California court.  *See Cooper v. State Farm Mut. Auto. Ins. Co.*, 177 Cal. App. 4th 876, 892 (Cal. Ct. App. 2009) ("Whether based on a contract principle of promissory estoppel or a tort theory of a voluntary assumption of a duty, plaintiff relied to his detriment on [defendant's] promise to preserve the tire and/or voluntary assumption of a duty.")  Here, Plaintiffs properly pled a negligence cause of action by alleging that Defendants owed Plaintiffs a duty to preserve evidence during litigation.  While Plaintiffs may not simply bootstrap a spoliation of evidence claim onto a negligence cause of action, they are entitled to pursue a tort theory approved by *Timber Tech* and *Cooper* based on the facts presented in the FAC.

///

### b.   Breach of contract

American Family also seeks dismissal on the grounds that Plaintiffs failed to plead the existence of a contractual obligation to preserve evidence.  This argument fails. Plaintiffs allege a contract existed between American Family and Plaintiffs, and that American Family breached this contract when it failed to preserve the right rear tire. (Dkt. no. 6 at ¶ LXII-LXIX.)  In light of the facts alleged, and the insurance relationship between Plaintiffs and American Family, the existence of a contractual obligation to preserve evidence — whether express or implied — is properly alleged.

### c.   Breach of implied covenant of good faith and fair dealing

Similarly, Plaintiffs adequately pled a breach of the implied covenant of good faith and fair dealing.  "[A]ll contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other.").  *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007).  This implied covenant operates with particular force in the insurance context, an area where Nevada law recognizes heightened obligations between an insurer and an insured.[1]  It follows from Plaintiffs' allegation of a contractual duty between American Family and Plaintiffs that American Family owed an implied duty of good faith to Plaintiffs. Therefore, Plaintiffs have pled enough facts to meet the plausibility requirement under *Iqbal.*

### d.   Breach of Statutes Governing Unfair Claims Settlement Practices

Plaintiffs adequately pled a breach of NRS § 686A.310.  The statute prohibits 16 different forms of insurer misconduct, including "[f]ailing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies."  NRS § 686A.310(1)(c).  In addition, the statute prohibits an insurer's

---

[1]"Nevada has long recognized the special relationship between the insurer and its insured."  *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 700 (Nev. 1998).  That relationship is one of "special confidence," *Ainsworth v. Combined Ins. Co. of Am.*, 763 P.2d 673, 676 (Nev. 1988), and is similar to that between a fiduciary and a client, *see Powers*, 962 P.2d at 701.

1   failure "to acknowledge and act reasonably promptly upon communications with respect

2   to claims arising under insurance policies." *Id.* at § 686A.310(1)(b).  The FAC alleges

3   that American Family "failed to promptly notify the insured of the loss and/or destruction

4   of the right rear tire of the subject vehicle systematically and with such frequency as to

5   indicate a general business practice."  (Dkt. no. 6 at ¶ LXXIII.)   In light of Plaintiffs'

6   allegations that American Family failed to appropriately maintain evidence central to the

7   litigation brought by its insured, Plaintiffs have adequately pled that American Family

8   failed to adopt appropriate business standards for maintaining evidence central to the

9   investigation and processing of claims.  Plaintiffs have also sufficiently pled a failure to

10   acknowledge or communicate the destruction of evidence sufficient to state a cause of

11   action under NRS § 686A.310(1)(b).

12                    **3.    Causation**

13        Finally, American Family argues that no causal connection exists between the

14   destruction of the right tire and Plaintiffs' asserted medical damages because American

15   Family compensated Iris Contreras for the car and paid off its lien holder, HSBC Auto

16   Finance.  Read fairly, and with inferences drawn in Plaintiffs' favor, the FAC alleges that

17   Defendants' misconduct prevented Plaintiffs from recovering for harm suffered in the

18   accident.  Plaintiffs do not suggest that the loss of key evidence caused their harm, but

19   that it prevented recovery that they were entitled to in light of the evidence of defects in

20   the tire.  This allegation suffices at the motion to dismiss stage to state a plausible theory

21   of relief.  It makes no difference that Plaintiffs do not, or cannot, identify which of the two

22   Defendants was the primary or sole tortfeasor in the initial pleadings.

23        In conclusion, Plaintiffs have pled sufficient facts to state a plausible claim of relief

24   on all four causes of action.  While they must ultimately demonstrate that Defendants

25   breached contractual and tort-based duties in order to recover on their common law

26   theories, Plaintiffs must be afforded the opportunity to proceed through discovery based

27   on the allegations presented in the FAC.

28   ///

1

**B.    Motion to Dismiss Third Party Complaint (dkt. no. 21)**

2       Copart, Inc. filed its Motion to Dismiss arguing that EFI's claim of contribution fails

3  because Plaintiffs have not alleged a valid underlying tort of spoliation, and that EFI has

4  not sufficiently alleged a legal relationship between EFI and Copart that would form the

5  basis for an indemnity.   EFI agrees that Plaintiffs have not pled a valid claim, but

6  disagrees that its Third Party Claim against Copart fails to adequately plead a

7  preexisting relationship sufficient for indemnification.   For the reasons detailed above,

8  Copart's first argument fails, as Plaintiffs have sufficiently pled the existence of an

9  underlying tort.   The Court turns now to Copart's indemnification claim.

10      "The remedies of contribution and implied, i.e., noncontractual indemnity allow

11  parties extinguishing tort liabilities by way of settlement or payment of judgments to seek

12  recovery from other potential tortfeasors under equitable principles."   *The Doctors Co. v.*

13  *Vincent*, 98 P.3d 681, 686 (Nev. 2004).   "Although indemnity is not usually available

14  between joint tortfeasors, an exception arises when a legal relationship or duty supports

15  the claim of indemnity."   *Black & Decker (U.S.), Inc. v. Essex Grp., Inc.*, 775 P.2d 698,

16  699 (Nev. 1989). "In order for one tortfeasor to be in a position of secondary

17  responsibility vis-a-vis another tortfeasor, and thus be entitled to indemnification, there

18  must be a preexisting legal relation between them, or some duty on the part of the

19  primary tortfeasor to protect the secondary tortfeasor."   *Id.* at 699-700.

20      Here, EFI has failed to adequately plead the existence of a pre-litigation

21  relationship between EFI and Copart.   EFI alleges that it shipped the tire in question to

22  Copart's facility in Colton, CA, and that Copart is required to indemnify EFI for any losses

23  EFI should sustain as a result of this action.   While the Court may speculate as to a

24  preexisting relationship between the parties in the face of a shipment of the tire between

25  EFI and Copart, EFI has failed to make even a bare allegation of such a relationship, let

26  alone any facts to determine what the nature of that relationship is.   Accordingly,

27  Copart's Motion to Dismiss is granted without prejudice.

28  ///

7

**V.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff American Family Mutual Insurance Company's Motion to Dismiss (dkt. no. 11) is DENIED.

IT IS FURTHER ORDERED that Third Party Defendant Copart, Inc.'s Motion to Dismiss (dkt. no. 21) is GRANTED without prejudice.

DATED THIS 24th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE